THE STATE v. FARROW, *Appellant.*

1. **Continuance.** Under the circumstances of this case, the trial court erred in refusing the continuance asked for by defendant.

2. **Competency of Juror.** A juror answered upon the *voir dire:* " I was in the neighborhood where the attempted robbery was committed the following day, and if the facts are as I then heard them, my mind is made up; have not talked to any of the witnesses, nor to any one who knew anything of his own personal knowledge about the robbery." *Held,* that he was not incompetent; but whether this court would reverse a judgment for the action of the trial court in striking his name from the list on its own motion, was not decided.

*Appeal from Callaway Circuit Court.*—Hon. G. H. Burck-hartt, Judge.

Reversed.

Defendant's affidavit for a continuance was as follows:. " That he cannot safely proceed in the trial of said cause in the absence of the following witnesses, who are absent without connivance, knowledge or consent, to-wit: Henry Baysinger, Mrs. Henry Baysinger, Buck Dareaux and Caleb Berry ; that Buck Dareaux resides in Montgomery county, Caleb Berry in Audrain county, and the others in Calla-way county, Missouri; that the indictment in said cause was only filed herein on the 12th of this month and found at present term of this court ; that he had a subpœna for the witnesses in this county issued and delivered to the sheriff; that he has not had time since the filing of said indictment to get said witnesses from Audrain and Mont-gomery county here ; that he believes he would prove by said absent witnesses that defendant was at Joseph Far-row's, three or four miles off, when the alleged offense was committed; and he further says that such statements are true ; that he has no witness present nor does he know of any other witness or witnesses by whom he can prove the same facts ; that he has not had time to procure the at-tendance of said absent witnesses; that he expects to have them present at the next term of this court ; that the con-tinuance is not asked for vexation or delay merely, but in order that a fair trial may be had, and complete and sub-stantial justice done; that the evidence of said witnesses is material; that he cannot prove the same facts by any other witness whose testimony can be procured at this term of court."

Samuel F. Thomas, who was summoned as a juror, being asked whether he had formed or expressed an opin-ion in regard to the guilt or innocence of the defendant, answered: "I was in the neighborhood where the at-

tempted robbery was committed the following day, and if the facts are as I then heard them, my mind is made up; have not talked to any of the witnesses, nor to any one who knew anything of his own personal knowledge about the robbery." The court, without further examination, excluded him from the panel.

*Boulware & Finley* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

The facts revealed in evidence conclusively show that defendant's affidavit for continuance was false, and was made for the purpose of deceiving the court and obtaining a postponement. The statement in the affidavit that defendant " has no witness present, nor does he know of any other witness or witnesses by whom he can prove the same facts," is refuted by the fact that at the trial, which took place the same day, defendant's brothers Joseph and Charles testified to precisely the same things which the affidavit stated the absent witnesses would testify to. Nor can it be said that when the affidavit was made defendant did not know of this testimony. He claims to have been with the witnesses on the night of which they spoke, they were his brothers, he slept with Joseph, and it is impossible that he should not have known that they would testify to these facts. The court did not abuse its discretion in refusing the continuance. *State v. Klinger*, 43 Mo. 130 ; *State v. Whitton*, 68 Mo. 91 ; *King v. Pearce*, 40 Mo. 222 ; *Leabo v. Goode*, 67 Mo. 132; *State v. Simms*, 68 Mo. 307.

## I.

Sherwood, C. J.—The defendant was indicted on the 12th day of November, 1881, and put upon his trial on the 14th day of that month. The trial resulted the same afternoon, in a verdict of guilty, and a sentence of five years in the penitentiary. The State concedes the application for a continuance is unobjectionable in form. We have no

hesitation in saying that it should have been granted.   If it should not have been granted, it is difficult to see what special force and effect section 22 of article 2 of our constitution, in relation to defendant's right to compulsory process for his witnesses' possesses.   In ordinary cases, cases where the matter is in doubt as to whether the trial court exercised its discretion soundly or unsoundly, we would presume in favor of the sound exercise of that discretion.   This record, however, presents nothing on this point to induce one to halt between two opinions.

## II.

There was error in striking the name of Samuel F. Thomas from the regular panel of jurors.   He was a competent juror, and the ruling mentioned cannot be sanctioned.   It would be premature for us to say whether we would reverse this cause on this ground alone.   We think best to call attention to it in order that it may be seen that we do not give it our approval.

For the error in this behalf first aforesaid, we reverse he judgment and remand the cause.   All concur.